THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-CV-260

| | |
|---|---|
| GREGORY GIBSON<br>d/b/a vintage-airstream.com,<br><br>    Plaintiff,<br><br>    v.<br><br>SOCIAL KNOWLEDGE, LLC, WALLY<br>BYAM CARAVAN CLUB, INTERNATIONAL,<br>INC., TIM KENDZIORSKI, ANDREW<br>ROBINOWITZ, LEO GARVEY, BOB NOVACK,<br>CAROL BADINGER, DWIGHT DIXON, FRANK<br>YANSEN, PAT MCLEMORE, PAUL WADDELL,<br>RICK DAVIS, RICHARD NUNAMAKER, AND<br>JOHN DOES 1-25<br><br>    Defendants. | ORDER |

**THIS MATTER** is before the Court on Defendants'[1] Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(6). The motion is fully briefed and ripe for review. For the reasons stated below, Defendants' Motion pursuant to Fed. R. Civ. P. 12(b)(2) is **GRANTED**.

## I. BACKGROUND

Plaintiff Gregory Gibson is in the business of restoration, repair, and sales of Airstream travel trailers and does business under the name "www.vintage-airstream.com." Complaint at ¶21. Plaintiff also sells classified ad space on his website to individuals looking to sell their Airstream travel trailers. *Id*. Plaintiff does business worldwide with his principal place of business located in Mecklenburg County, North Carolina. *Id*. Gregory Gibson is a citizen and

---

[1] Defendant Wally Byam Caravan Club International, Inc. ("WBCCI") is not a party to the instant Motion. Accordingly, this Order does not address any claim against WBCCI.

resident of Mecklenburg County, North Carolina. *Id* at ¶1.

Defendant Social Knowledge, LLC ("Defendant Social Knowledge") is a limited liability company organized and existing under the laws of the State of Texas. *Id* at ¶2. The other Defendants[2], who are parties to the instant Motion, are individual citizens and residents of the States of Ohio, Nevada, Texas, New York, Michigan, Illinois, Maryland, Virginia, and Tennessee. *Id* at ¶¶ 4-14.

This dispute primarily involves the Defendants' ownership, control, and activity on internet forums, message boards, or discussion forums. Plaintiff alleges that Defendants Social Knowledge and Robinowitz currently own, operate, and/or control an online forum located at "http://www.airforums.com", which focuses on matters relating to Airstream travel trailers. *Id* at ¶23. Additionally, Plaintiff alleges that Defendants Kenziorski and Garvey formerly owned, operated, and controlled an online forum located at "http://www/savewally.org/forums", which focused on matters relating to Airstream travel trailers. *Id* at ¶27. Plaintiff claims that the Defendants made false, misleading, and derogatory postings on the internet forums, and that these posts caused damage to Plaintiff's personal and business reputation. *Id* at ¶¶ 35-59.

Plaintiff also claims that he registered the domain name "www.vintage-airstream.com" and developed an unregistered mark for use in association with his website and business. *Id* at ¶¶ 60-66. Subsequently, Defendants Social Knowledge and/or Robinowitz purchased the domain name "vintageairstream.com" and began to use that website to host topics related to the restoration of "Vintage Airstream" travel trailers. *Id* at ¶¶ 67-71. Plaintiff alleges that Defendant Social Knowledge uses, on its website, Plaintiff's unregistered mark without

---

[2]These Defendants include Tim Kendziorski ("Defendant Kenziorski"), Andrew Robinowitz ("Defendant Robinowitz"), Leo Garvey ("Defendant Garvey"), Bob Novack, Carol Badinger, Dwight Dixon, Frank Yansen, Pat McLemore, Paul Waddel, Rick Davis, and Richard Nunamaker.

permission. *Id* at ¶72.

Plaintiff alleges that the activity of the Defendants gives rise to claims against each for civil conspiracy, libel, intentional infliction of emotional distress, unfair and deceptive trade practices, tortious interference with contract and prospective business advantage, and punitive damages. *Id* at ¶¶73-99, 115-117. Additionally, Plaintiff claims that the actions of Defendants Social Knowledge, Robinowitz, Kendziorski, and Yansen give rise to a cause of action under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). *Id* at ¶¶ 106-109. Plaintiff also alleges that Defendant Social Knowledge's use of Plaintiff's mark gives rise to a claim for common law trademark infringement. *Id* at ¶¶ 110-114. Finally, Plaintiff seeks preliminary and permanent injunctive relief requiring Defendants generally to cease posting comments about Plaintiff on the internet message boards and to cease using Plaintiff's unregistered mark. *Id* at ¶¶ 115-121.

The Defendants now move this Court to dismiss Plaintiff's claims for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). See D.I. 17.

## II. LEGAL STANDARD: Fed R. Civ. P. 12(b)(2)

On a motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden to provide grounds for jurisdiction by a preponderance of the evidence. *See In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997); *Young v. FDIC*, 103 F.3d 1180, 1191 (4th Cir. 1997). When, as here, the Court relies on the complaint and affidavits alone, "the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." *In re Celotex Corp.*, 124 F.3d at 628 (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). "In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most

favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997) (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

"[I]n order for a district court to validly assert personal jurisdiction over a non-resident defendant, two conditions must be satisfied. First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process requirements." *Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). "[I]t is apparent that the [North Carolina] General Assembly intended to make available to the North Carolina courts the full jurisdictional powers permissible under federal due process." *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 676, 231 S.E.2d 629, 630 (1977). "Thus, the dual jurisdictional requirements collapse into a single inquiry as to whether the defendant has such minimal contacts with the forum state that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Christian Sci.*, 259 F.3d at 215 (internal quotation marks omitted) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

A court may have personal jurisdiction over a defendant through either general or specific jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). "[I]f the defendant's contacts with the State are not also the basis for suit, then jurisdiction over the defendant must arise from the defendant's general, more persistent, but unrelated contacts with the State. To establish general jurisdiction over the defendant, the defendant's activities in the State must have been continuous and systematic, a more demanding standard than is necessary for establishing specific jurisdiction." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002) (internal quotation marks omitted). Specific

jurisdiction exists when the "suit aris[es] out of or is related to the defendant's contacts with the forum..." *Helicopteros*, 466 U.S. at 414 n. 8.

In *ALS Scan*, the Fourth Circuit articulated its controlling test regarding personal jurisdiction in the context of internet-based forum contacts. 293 F.3d 707. The court may only exercise judicial power over a person outside of the State when that person "(1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." *ALS Scan*, 293 F.3d at 714.

When the internet activity is, as here, the alleged posting of information on a website, the Fourth Circuit's opinion in *Young v. New Haven Advocate* refines the Court's analysis. 315 F.3d 256, 263 (4th Cir. 2002); *Dailey v. Popma*, 662 S.E.2d 12, 14 (N.C. Ct. App. 2008) ("we adopt the Fourth Circuit's refinement of that test in *Young v. New Haven Advocate*"). Under *Young*, the Court must ask whether the individual making the post manifested an intent to direct his website content to the specific forum's audience. 315 F.3d at 263. "[A] person's act of placing information on the Internet" is not sufficient to "subject[ ] that person to personal jurisdiction in each State in which the information is accessed." *ALS Scan*, 293 F.3d at 714. Otherwise, a "person placing information on the Internet would be subject to personal jurisdiction in every State," and the traditional due process principles governing a State's jurisdiction over persons outside of its border would be subverted. *Id*. Thus, the fact that a posters' website posts may be accessed anywhere, does not by itself demonstrate that the posters were intentionally directing their website content to the forum's audience. *Young*, 315 F.3d at 263. Something more than posting and accessibility is needed to indicate that the posters purposefully directed their activity in a substantial way to the forum state. *Id*. In sum, the website posters must, through the

5

internet postings, manifest an intent to specifically target and focus on North Carolina readers. *Id* at 263; *Dailey*, 662 S.E.2d at 19 (requiring showing of intent to target content on Internet bulletin board to audience in forum state to support jurisdiction).

### III. ANALYSIS

None of the non-corporate individual Defendants[3] are residents of North Carolina. See D.I. 17, Exhibits 1-9. Furthermore, none of these Defendants does any of the following in the State: (1) owns real or personal property, (2) maintains an office, (3) possesses an agent for service of process, or (4) is party to a contract that requires them to perform an obligation. *Id*. The extent of their contact with North Carolina includes driving though the State or vacationing in the State, and several individual Defendants never set foot in the State. *Id*. None of the individual Defendants is party to a contract with the Plaintiff, whether in North Carolina or otherwise. *Id*.

Plaintiff failed to plead any jurisdictional allegations against the individual Defendants in his Complaint. However, Plaintiff does allege in his response brief that he suspects that several of the individual Defendants posted "defamatory comments on... WBTV's[4] website." D.I. 24. Plaintiff does not provide the substance of these postings or offer any facts to support that a Defendant made the posts. *Id*. Rather, Plaintiff merely concludes that the posts include defamatory comments. *Id*.

According to the Fourth Circuit's opinion in *Young*, jurisdiction in this circumstance can

---

[3]"Individual Defendants" refers to Tim Kenziorski, Andrew Rabinowitz, Leo Garvey, Bob Novack, Carol Badinger, Dwight Dixon, Frank Yansen, Pat McLemore, Paul Waddel, Rick Davis, and Richard Nunamaker.

[4]WBTV is a television station based in Mecklenburg County, North Carolina.

be found only when an individual, through the Internet postings, manifests a specific intent to target and focus on North Carolina readers. *Young*, 315 F.3d at 263; *Dailey*, 662 S.E.2d at 14. Plaintiff fails to show that the posts target and focus on North Carolina readers. Plaintiff alleges only that the individual Defendants posted on a nationally available website. There is no North Carolina-specific aspect of the identified sites. D.I. 17, Exhibit 10. The president of Social Knowledge testified via declaration that there exists no intent within Social Knowledge to direct the website to North Carolinians. *Id*. Of the total membership of "www.airforums.com", only 0.0325% (20 out of 61,500) are from North Carolina. *Id*. 99.75% of the revenue generated by "www.airforums.com" comes from outside of the State. Thus, jurisdiction does not exist under the Fourth Circuit's analysis in *Young*, because the readers of North Carolina were not targeted or focused on in the subject websites. 315 F.3d at 263; *see also Dailey*, 662 S.E.2d at 14.

With respect to Defendant Social Knowledge, a Texas-based company with no place of business or registered agent in North Carolina, Plaintiff complains only of Defendant's inaction in failing to remove certain posts from its website. *See* Complaint at ¶ 39(c). Plaintiff does not allege that Defendant Social Knowledge engaged in any affirmative activity in the State of North Carolina. The posting of purportedly defamatory statements that are not targeted toward North Carolina readers is insufficient to support jurisdiction under North Carolina law. *See Dailey*, 662 S.E.2d at 14. Therefore, it logically follows that inaction about such posts cannot rise to the level of purposeful availment necessary to establish personal jurisdiction over Defendant Social Knowledge. Moreover, this Court lacks jurisdiction over Defendant Social Knowledge under the *ALS Scan* test because Social Knowledge does not direct electronic activity into the State with the manifested intent of engaging in business or other interactions within the State. *ALS Scan*, 293 F.3d at 714. Thus, there is no activity attributable to Defendant Social Knowledge to create,

7

in a person within the State, a potential cause of action cognizable in the State's courts." *ALS Scan*, 293 F.3d at 714.

To the extent that Plaintiff relies on *Cole-Tuve, Inc. v. American Machine Tools Corp.*, 342 F. Supp. 2d 362 (D.Md. 2004), to support his argument that this Court possesses specific jurisdiction over the Lanham Act and common law trademark infringement claims against Defendant Social Knowledge, this Court finds that the underlying facts here are distinguishable from those relied on by the *Cole-Tuve* Court. In *Cole-Tuve*, the Court, applying the *ALS Scan* test, found that it possessed personal jurisdiction over the Defendant because the Defendant manifested an intent to target Maryland by registering a website that intentionally directed customers away from Plaintiff's business, which worked exclusively in Maryland. 342 F. Supp. 2d at 368. In so finding, the *Cole-Tuve* Court stated that:

> Cole-Tuve maintains that AMT intentionally registered a website similar to Cole-Tuve's so as to redirect Maryland customers away from a Maryland business and toward an Illinois business. According to the allegations, this website had no legitimate business purpose, other than to direct customers away from Cole-Tuve. Further, Cole-Tuve maintains that its only business (and hence, AMT's only possible target) is Maryland. Accepting these allegations as true, AMT directed a harm at a Maryland business with the manifest intent of engaging in activities in the state by intentionally infringing on the rights of a company it knew to be in Maryland in order to redirect its Maryland customers. *Id.*

Here, however, "Plaintiff does business worldwide." *See* Compl. at ¶ 21. Therefore, this Court finds that the Lanham Act and common law trademark infringement allegations against Defendant Social Knowledge do not support the notion that Social Knowledge intentionally directs electronic activity into the State of North Carolina with the manifest intent of engaging in business or other interactions with the State. *See ALS Scan*, 293 F.3d at 714. Accordingly, this Court cannot find, based on Plaintiff's allegations, that it has personal jurisdiction over Defendant Social Knowledge within the context of the instant dispute.

## IV. CONCLUSION

Based on the foregoing, the Court finds that it lacks personal jurisdiction over the Defendants and declines to conduct an analysis pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss pursuant to Rule 12(b)(2) is hereby **GRANTED.**

**IT IS SO ORDERED.**

Signed: August 3, 2012

Graham C. Mullen
United States District Judge